UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


BEATRICE WALKER,

        Plaintiff,

v.                                      Civil Action No. 2:09-0721

LOWE'S HOME CENTERS, INC.,

        Defendant.


MEMORANDUM OPINION AND ORDER


        Pending is the parties' joint motion to remand, filed
March 5, 2010.


I.


        On April 24, 2007, plaintiff slipped and fell over a
pallet while visiting one of the defendant's stores in
Charleston.  (Compl. ¶ 4).  Plaintiff originally filed this
action in the Circuit Court of Kanawha County, claiming that the
pallet was obstructing the aisle due to the defendant's negligent
maintenance of the store.  (Id.).  Following her accident,
plaintiff "suffered severe and permanent physical and mental
injuries to her person, her enjoyment of life has been and will
continue to be greatly impaired, and she has incurred and will

continue to incur great mental anguish." (Id. at ¶ 10).  She seeks compensatory damages for her medical costs and therapy as well as the costs plus interest of bringing this action.  (Id. at ¶ 11).

Defendant removed plaintiff's action on June 25, 2009, citing diversity jurisdiction as the sole grounds for removal. (Notice of Removal ¶ 4).  The parties are diverse inasmuch as plaintiff resides in Charleston, West Virginia, and defendant is a North Carolina corporation. (Compl. ¶¶ 1, 2).  In the notice of removal, defendant alleges that plaintiff's claims satisfy the $75,000 amount in controversy requirement.  (Notice of Removal ¶ 9).  Plaintiff's complaint does not indicate the amount of the damages that she seeks.  (Compl. ¶ 11).  However, the parties have subsequently stipulated in their joint motion to remand that plaintiff's damages do not presently, and will not in the future, exceed $74,999.  (J. Mot. to Remand 1).  Accordingly, the parties contend that the amount in controversy is not met and the court should remand the case for lack of subject matter jurisdiction.

2

## II.  Governing Standard

The court is vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  The statute establishing diversity jurisdiction is to be strictly construed.  <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941); <u>Healy v. Ratta</u>, 292 U.S. 263, 270 (1934); <u>Schlumberger Indus., Inc. v. Nat'l Surety Corp.</u>, 36 F.3d 1274, 1284 (4th Cir. 1994).  The party seeking removal bears the burden of establishing federal jurisdiction and, if challenged, also bears the burden of proving that federal jurisdiction was properly invoked.  <u>Mulcahey v. Columbia Organic Chem. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

In a case that is filed initially in federal court, a district court has original jurisdiction if the requisite diversity of citizenship exists unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938).  However, the "legal certainty" test applies only in instances in which a plaintiff invokes federal jurisdiction by filing a case in federal court.  <u>Landmark</u>

3

_Corp. v. Apogee Coal Co._, 945 F. Supp. 932, 935 (S.D. W. Va.
1996).

A different test applies "in removal situations . . .
in which the plaintiff has made an unspecified demand for damages
in state court."  _Id._  A defendant who removes a case from state
court in which the damages sought are unspecified, asserting the
existence of federal diversity jurisdiction, must prove by a
preponderance of the evidence that the value of the matter in
controversy exceeds the jurisdictional amount of $75,000.
_Tapscott v. MS Dealer Serv. Corp._, 77 F.3d 1353, 1357 (11th Cir.
1996); _De Aguilar v. Boeing Co._, 11 F.3d 55, 58 (5th Cir. 1993)
and _De Aguilar v. Boeing Co._, 47 F.3d 1404 (5th Cir. 1995);
_Gafford v. Gen. Elec. Co._, 997 F.2d 150, 158 (6th Cir. 1993);
_Gaus v. Miles, Inc._, 980 F.2d 564, 567 (9th Cir. 1992); _Sayre v.
Potts_, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999); _Landmark
Corp._, 945 F. Supp. at 935.  A court must consider the entire
record and make an independent evaluation of whether the amount
in controversy has been satisfied.  _Weddington v. Ford Motor
Credit Co._, 59 F. Supp. 2d 578, 584 (S.D. W. Va.1999); _Mullins v.
Harry's Mobile Home, Inc._, 861 F. Supp. 22, 23 (S.D. W. Va.1994).

4

III.  Discussion


        Here, defendant removed this matter to federal court based on diversity jurisdiction.  Plaintiff did not specify the amount of damages sought in her complaint.  Accordingly, it is the defendant's burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

        In the notice of removal, defendant asserts that plaintiff's claims are in excess of $75,000 based on the totality of the circumstances.  (Notice of Removal ¶ 9).  However, defendant subsequently joined plaintiff in the motion to remand and stipulated that the damages do not presently, and will not in the future, exceed $74,999.  (J. Mot. to Remand 1).  Inasmuch as defendant stipulated that the damages do not meet the amount in controversy requirement for diversity jurisdiction, defendant has not satisfied its burden of proving by a preponderance of the evidence that the amount in controversy is met in this case.

        Based upon the foregoing, the court concludes that it lacks subject matter jurisdiction.  The court, accordingly, ORDERS that plaintiff's motion to remand be, and it hereby is, granted.  The court further ORDERS that this action be, and it

5

hereby is, remanded for all further proceedings to the Circuit
Court of Kanawha County.

The Clerk is directed to forward a copy of this written
opinion and order to counsel of record and any unrepresented
parties and a certified copy to the clerk of court for the
Circuit Court of Kanawha County.

DATED: March 30, 2010

John T. Copenhaver, Jr.
United States District Judge

6